THE COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

**Middlesex Division**                                              **Docket No. 97D-4115-DV1**

|  |  |
|---|---|
| In re: Petition of Mark Cimimi | ) ) ) |
| Mark K. Cimini | ) ) ) |
| v. | ) ) ) |
| Margaret R. Cimini | ) ) |

**Decree on Petition for Writ of Habeas Corpus**
*(filed September 22, 2004)*

This matter came before the Court (Donnelly, J.) on September 22, 2004, ex parte. The Petitioner, who is pro se, filed the Petition, but did not seek an immediate hearing, citing his belief that a hearing is required within 72 hours.

After careful review of the pleading, the Petition for Writ of Habeas Corpus filed by Mark Cimini ("the Father") is **DISMISSED** without a hearing for failure to state a claim upon which relief may be granted.

The Court further enters the following;

**Discussion**

An individual may obtain a writ of habeas corpus, in the family law context, pursuant to Massachusetts General Laws c. 208, § 32, c. 248, § 35, and the Constitution of the Commonwealth of Massachusetts Part 2, Chapter 6, Article 7, which provide that a Probate and Family Court of the Commonwealth may issue a writ of habeas corpus in an action of which it has jurisdiction because of a divorce. M.G.L. c. 208, § 32. A parent whose minor child is being held

Page 1 of 2

against the will of that parent, or another individual entitled to custody, without due process of law may file a petition for the writ. M.G.L. c. 248, § 35. That parent may file that petition against the person who is holding the child with no legal right to do so. *See* Stinson v. Meegan, 318 Mass. 459 (1945).

In Massachusetts, both parents are equally entitled to custody and are obligated to pay support of their minor children under both case law and statutory law. *See* M.G.L. c. 208, § 31; *See also* Sagar v. Sagar, 57 Mass.App.Ct. 71 (2003); Rolde v. Rolde, 12 Mass.App.Ct. 398 (1980); Donnelly v. Donnelly, 4 Mass.App.Ct. 162 (1976). *Cf.* Blixt v. Blixt, 437 Mass. 649 (2002). Further, there is no statutory or constitutional entitlement to any sort of custody arrangement in disputes between parents. Opinion of the Justices to the Senate, 427 Mass. 1201, 1204 (1998)(citing Commonwealth v. Beals, 405 Mass. 550, 554 (1989); Yannas v. Frondistou-Yannas, 395 Mass. 704, 708 (1985)). *Cf.* Richards v. Forrest, 278 Mass. 547 (1932). The Father presents a lengthy recitation of 18th and 19th century common law regarding the presumptive right of the father to his minor children. However, the common law presumption has never been the absolute rule in the Commonwealth of Massachusetts. *See* Haskell v. Haskell, 152 Mass. 16 (1890); *Cf.* Aberlin v. Zisman, 244 F.2d 620 (1st Cir. MA 1957). *Compare* Ridgeway v. Cels, 350 Mass. 274 (1966) and the respective rights of parents have been altered by both statutory and case law.

In the absence of a court order, Margaret Cimini ("the Mother") has the same right as the Father to the custody of the Parties' minor son. Further, pursuant to the Parties' Separation Agreement filed January 3, 2000 and the Judgment Nisi which incorporated that Agreement by reference, the parents have joint legal custody of the child with the primary residence of the child to be with the Mother. The Mother has a legal right to the physical custody of the minor child. The minor child is not illegally detained by his Mother inasmuch as she has physical custody.

9/23/04
**Date**

*Edward F. Donnelly*
**Edward F. Donnelly, Justice**
**Probate and Family Court Dept.**



**The Commonwealth of Massachusetts**

SUPREME JUDICIAL COURT

FOR SUFFOLK COUNTY

ONE BEACON STREET, 4TH FLOOR

BOSTON, MASSACHUSETTS 02108

WWW.SJCCOUNTYCLERK.COM

**MAURA S. DOYLE**
CLERK
CASE INFO (617) 557-1100
BAR INFO (617) 557-1050
FACSIMILE (617) 523-1540

December 15, 2004

ASSISTANT CLERKS

LILLIAN C. ANDRUSZKIEWICZ   (617) 557-1184
GEORGE E. SLYVA   (617) 557-1185
ERIC B. WETZEL   (617) 557-1186
FAX   (617) 557-1033

Mark Cimini
12 Maple Road
Westford, MA 01886

RE:   No. SJ-2004-0462

MARGARET CIMINI
        vs.
MARK CIMINI

Middlesex Probate Court
No. 97D4115

NOTICE OF DOCKET ENTRY

You are hereby notified that on December 15, 2004, the
following was entered on the docket of the above referenced case:

ORDER: .."This matter came before the court on a request for
reconsidertion, and upon consideration thereof, it is ORDERED that
the request be, and the same hereby is, denied." (Ireland, J.)

Maura S. Doyle, Clerk

To:   Mark Cimini
      Margaret Cimini
      Middlesex Probate and Family Ct.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPREME JUDICIAL COURT
                                                FOR SUFFOLK COUNTY
                                                No. SJ-2004-0462

                                                Middlesex Probate Court
                                                No. 97D4115


**MARGARET CIMINI**

**vs.**

**MARK CIMINI**


ORDER


    This matter came before the court on a request for re-
consideration, and upon consideration thereof, it is

ORDERED that the request be, and the same hereby is,

denied.


                                    By the Court (Ireland, J.),

                                    Assistant Clerk

ENTERED:  December 15, 2004



# The Commonwealth of Massachusetts
## SUPREME JUDICIAL COURT
### FOR SUFFOLK COUNTY
ONE BEACON STREET, 4TH FLOOR
BOSTON, MASSACHUSETTS 02108
WWW.SJCCOUNTYCLERK.COM

**MAURA S. DOYLE**
CLERK
CASE INFO (617) 557-1100
BAR INFO (617) 557-1050
MGMT (617) 557-1140

November 24, 2004

ASSISTANT CLERKS
LILLIAN C. ANDRUSZKIEWICZ   (617) 557-1184
GEORGE E. SLYVA   (617) 557-1185
ERIC B. WETZEL   (617) 557-1186
FAX   (617) 557-1033

Mark Cimini
12 Maple Road
Westford, MA 01886

RE:   No. SJ-2004-0462

MARGARET CIMINI
        vs.
MARK CIMINI

Middlesex Probate Court
No. 97D4115

NOTICE OF DOCKET ENTRY

You are hereby notified that on November 24, 2004, the

following was entered on the docket of the above referenced case:

JUDGMENT: "...it is ORDERED that the petition and all included
motions be, and the same hereby are, denied without hearing."
(Ireland, J.)

Maura S. Doyle, Clerk

To:   Mark Cimini
      Margaret Cimini
      Middlesex Probate and Family Ct.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
No. SJ-2004-0462

Middlesex Probate Court
No. 97D4115

**MARGARET CIMINI**

vs.

**MARK CIMINI**

**JUDGMENT**

This matter came before the Court, Ireland, J., presiding, on a petition filed by Mark Cimini to appeal the decision of the Middlesex Probate Court dismissing a Petition for Writ of Habeas Corpus. Upon consideration thereof, it is ORDERED that the petition and all included motions be, and the same hereby are, denied without hearing.

By the Court, (Ireland, J.)

Assistant Clerk

Entered: November 24, 2004