

**United States District Court**
**for the District of Columbia**
**Clerk's Office**
333 Constitution Avenue, NW
Washington, D.C. 20001

RECEIVED & FILED

04  DEC -8  PM 3: 47

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Nancy Mayer Whittington
Clerk

JAN - 3 2005

December 3, 2004

04-2349 JAF

CA 04-12576 RCC

Clerk's Office
United States District Court
for the District of Puerto Rico
150 Federico Degetu Federal Bldg.
150 Carlos Chardon Avenue
Hato Rey, PR 00918

RE: 04-cv-1966

Dear Clerk:

On November 12, 2004, this Court signed an order transferring the above-entitled case to your Court. Enclosed is a copy of that order together with certified copies of our electronic case file, and a certified copy of the docket entries.

Please acknowledge receipt of our file on the duplicate copy of this letter. Please indicate your case number somewhere on the receipt.

NANCY MAYER-WHITTINGTON, Clerk

By: _____
Regina B. Larry, Jury Deputy Clerk

cc: counsel of record

# Complaints and Other Initiating Documents

### 3:04-cv-02349-JAF Landa-Rivera v. Departamento de Correccion y Rehabilitation et al

## United States District Court

## District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from entered on 12/13/2004 at 9:58 AM AST and filed on 12/8/2004

**Case Name:**        Landa-Rivera v. Departamento de Correccion y Rehabilitation et al
**Case Number:**     3:04-cv-2349
**Filer:**           Rodolfo E. Landa-Rivera
**Document Number:** 4

**Docket Text:**
Case transferred in from District of Columbia; Case Number 1:04CV01966 UNA. Original file with documents numbered 1-3, certified copy of transfer order and docket sheet received, filed by Rodolfo E. Landa-Rivera. (Attachments: # (1) Copy of Docket Sheet# (2) Transfer Order# (3) Motion to Proceed in Forma Pauperis# (4) Copy of Complaint)(ct, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051795991 [Date=12/13/2004] [FileNumber=417226-0
] [0d430464233bf4ae7759e2e4a0aa031281a90e6de5e55c27d980a2b5cafd9380e13
7a9bf2f1fc9dcbdaafb129789af8301fd3edf1602466521d78854645e0701]]
**Document description:** Copy of Docket Sheet
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051795991 [Date=12/13/2004] [FileNumber=417226-1
] [08a2e1b64efd789cdab576b7dac21697a9ae4b04234c1d958371b542cf7a06f05bb
36a03945a9599a5948e8337145e57567c3e6b3f3d4fbe2b73d2bffbaf85d4]]
**Document description:** Transfer Order
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051795991 [Date=12/13/2004] [FileNumber=417226-2
] [a187395ef82f88045df9eb40f9c22d08ae69b8896ec5094b09349f60c6bd282a80b
b12b04012aedaa1d1ff0387fcb026b4a7f770852b557ce412a0dc9fc9fed1]]
**Document description:** Motion to Proceed in Forma Pauperis
**Original filename:** n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051795991 [Date=12/13/2004] [FileNumber=417226-3
] [45e30098b69bbfd8f3033c3e25311ed264af2f79c72b823bee35b5ac57a7f525873
50ab8b25c5d57d9b0a67b73f271409a77df0db43a87e315c1346de478e561]]
**Document description:** Copy of Complaint
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051795991 [Date=12/13/2004] [FileNumber=417226-4
] [7c750c4dd7849e439f25bc5c38fe54993093cc1a98a880cbd636764eec4683cc3e5
8b7e81be8a488c6380471b31d07e7a87a37ab0668352cc790bec963257669]]

**3:04-cv-2349 Notice will be electronically mailed to:**

**3:04-cv-2349 Notice will be delivered by other means to:**

Rodolfo E. Landa-Rivera
14838-069
Coleman USP
PO Box 1033
Coleman, FL 33521

f 2

## Other Documents
### 1:04-cv-01966-UNA RIVERA v. DEPARTAMENTO DE CORRECION et al
**CASE CLOSED on 11/12/2004**

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from rl, entered on 12/3/2004 at 12:54 PM EDT
and filed on 12/3/2004

**Case Name:**      RIVERA v. DEPARTAMENTO DE CORRECION et al
**Case Number:**    1:04-cv-1966
**Filer:**
**WARNING: CASE CLOSED on 11/12/2004**
**Document Number:**

**Docket Text:**
Case transferrred out to the United States District Court for the District of Puerto Rico,
via certified mail. (rl, )

The following document(s) are associated with this transaction:


**1:04-cv-1966 Notice will be electronically mailed to:**


**1:04-cv-1966 Notice will be delivered by other means to:**

RODOLFO E. LANDA RIVERA
14838-069
COLEMAN UNITED STATES PENITENTIARY
P.O. Box 1033
Coleman, FL 33521

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON
By
Deputy Clerk

UNITED STATES DISTRICT COURT
FEDERAL COURTHOUSE
1550 MAIN STREET, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP-01103-1422

MR. RODOLFO E. LANDA RIVERA,

    Plaintiff,

vs.

DEPARTAMENTO DE CORRECION:
DOCTOR DANIEL VELEZ
CAMAPAMENTO PENAL PUNTA LIMA
P.O. BOX 36
NAGUABO, P.R. 00718

vs.

CORPORATION COUNSEL
441 FOURTH STREET, N.W.
WASHINGTON, D.C. 20001

CIVIL ACTION 04-2349 JAF
MAGISTRATE Civ:i 04-cv. 01966

APPEAR BEFORE SPECIAL
FEDERAL GRAND JURY

28 U.S.C. 3321
28 U.S.C. 3322
18 U.S.C. 3331
18 U.S.C. 3334

~~DECLARATORY INJUNCTIVE RELIEF~~

42 U.S.C. § 1983
CIVIL COMPLAINT

---

## 42 U.S.C. § 1983
### CIVIL COMPLAINT

Following this civil action pursuant to the (14th) Amendment Due process of the Constitution, Comes Now, the Plaintiff, Rodolfo E. Landa Rivera.

This matter gives the United States District Court of Washington, D.C. the jurisdiction of authority where the capital of the United States have defined under none-positive provision at 18 U.S.C. § 5 all jurisdiction of the District of Columbia the Commonwealth of Puerto Rico.

MR. RODOLFO E. LANDA RIVERA,

      Plaintiff,

vs.


Defendant

DOCTOR DANIEL VELEZ
DEPARTAMENTO DE RECORD
MEDICO CAMPAMENTO
PENAL PUNTA LIMA
P.O. BOX 36
NAGUABO, P.R. 00718

vs.


ATTORNEY GENERAL, ROOM 5614
DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE., N.W.
WASHINGTON, D.C. 20530-0001

vs.


CORPORATION COUNSEL
441 FOURTH STREET, N.W.
WASHINGTON, D.C. 20001

vs.


AREA MEDICA MAVINA 504
COMPLEJO CORRECTIONAL RP
APDO 21380
RIO PIEDRAS, P.R. 00928
PHONE: 759-6010 x 260

(2)

MR. RODOLFO E. LANDA RIVERA,

vs.

DEPARTAMENTO DE SALUD
ESTADO LIBRE ASOCIADO DE
PUERTO RICO
DEFENDANT MRS. ELIZABETH PADIN COSS
MEDICAL RECORD DIRECTOR
PUNTA LIMA CORRECTIONAL FACILITY,

vs.

ATTORNEY GENERAL ROOM 5614
DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE., N.W.
WASHINGTON, D.C. 20530-0001

vs.

CORPORATION COUNSEL
441 FOURTH STREET, N.W.
WASHINGTON, D.C. 20001

vs.

PONCE PRINCIPAL
INST. REG. DEL-SUR PONCE
APT 7285
PONCE, P.R. 00732-7285
PHONE: 295-2929

42 U.S.C. § 1983

CIVIL COMPLAINT


United States of America is seperate from sovereigns from the corporate of United States pursue to 28 U.S.C. § 3002(15)(a) defined the United States as a Federal Corporation, Congresswoman Barbara B. Kennelly (D.Conn.) Legislative Counsel, and the Congressional ReachSearch confirm the meaning of United States and its restricted jurisdictional parameter.

It is also understood to the Plaintiff, Rodolfo Landa, that a federal magistrate means a United States Magistrate as defined in 28 U.S.C. § 631 or 28 U.S.C. § 639. A Judge of the United States or another of judicial officer specifically empowered by statute in force in any territory Puerto Rico or the District of Columbia to perform function to which the Plaintiff, Rodolfo Landa, rule are related to form this rule (7) Interstate Agreement 24-701 enactment. The Plaintiff, Rodolfo Landa, brings this civil action to this Court.

The Plaintiff, Rodolfo Landa, brings this civil complaint to the Attorney General in charge of the Criminal System of the Justice Department (28 C.F.R. § 0.59, certain certification under 18 U.S.C. § 3331 and 18 U.S.C. § 3503). Plaintiff Landa acknowledges that the Attorney General is authorized to exercise or perform the function of this 42 U.S.C. § 1983 civil violation.

## C O M P L A I N T

On this date, September 22, 1995, the Plaintiff, Rodolfo Landa, was perjured upon by false statement under medical exams while being examined by the Departamento De Record Medico Compamento Penal Punta Lima, P.O. Box 36, Naguabo, P.R. 00718 resumen Meaico institution the Plaintiff, Rodolfo Landa, was diagnosed on February 9, 1995 and following the report, 9-01-93 EYR & CAT Electromyographic and nerve conduction vibration exam, 8-23-1994, and on this date, February 9, 1995, an HIV test was conducted reactive Western Blot, September 22 reactive C D 4 10-16-96 556.

The Plaintiff, Rodolfo Landa, is bringing this civil law against the Department of Record Medico of Campamento Penal Punta Lime, P.O. Box 36, Naguabo, P.R. 00718 Resumen Medico for false information and misinforming the medical reading pursue to AIDS diagnostics which was false, and unprofessional and doing the course of the HIV information which belief have developed from such information on September 22, 1995.

In the language of false information there was no avenue but to believe the written medical diagnosis from the medical report, that was handed down to the Plaintiff.

Which the Departamento De record Medico Campamento Penal Punta Lima, P.O. Box 36, Naguabo, P.R. 00718 Resumen Medico which the information has falsely confirmed also a false exposure as the Plaintiff, Rodolfo Landa, have reviewed the documents from the medical report labratory instruction that cleared the information pursuant to the false information according to Med. No. 40817 - License 526, Recived 09-22-1995.

Following this complaint, 42 U.S.C. § 1983, civil action from the received date, September 22, 1995, test Western Blot-Confirmatory (HIV) Elisa Absorbance Cut off Value Western Blot.

This labaratory report was recorded by the referred Dr. Capellan from the labaratory report reactive reck. (0.723) (0.265) indeterminate Western Blot interpretation negative: No antibodies or specific bands present a negative blot does not exclude the possibility of (HIV) infection. Indeterminate: any bands present but pattern does not meet criteria for

positive. Indeterminate blots should not be used as the basis for diagnosis of (HIV) infection and must not be considered negative or positive. The correct evaluation must be based on subsequent blot testing and clinical evaluation.

Antibodies were present to the following proteins and or glycoproteins___P17 2x P24___ P31___ GP41___ P51___ P55___ P66___GP120___GP160___. Follow the labaratory exams pursuant to the CDC criteria for a positive Western Blot. July 21, 1989 includes any two bands of P24, GP41, or GP120/160. Final diagnosis can only be made if a person meets the case definition of (AIDS).

Following HTLV III (HIV) Elisa Reactive Reck in order to establish final diagnosis, all positive (HIV) Elisa should be confirmed with a Western Blot and meet the case definition of AIDS established by the Centers for Disease Control (CDC).

This information was conducted by the laboratory director and referred by Dr. Capellan, processed September 28, 1995. Idalia Becerra De Rodriguez, BSMT-MHSA, Director.

TEST:

T4 CD4 Helper Cell     Helper T. Cells T4
Absolute Count Total  N.B.C. (48).9     33-61%
These are the negative results 556     520-1525 Cells
                        5.2     4.8-10.8 x 1000

Plaintiff, Rodolfo Eduardo Landa Rivera certifies that on September 10, 2003, bring to this Court's attention that this

Defendant of the Departamento De Record Medico that on this
date, December 1992 through October 30, 1996, that Defendant
Elizabeth Padin withheld the record document that was requested
from the Plaintiff, Rodolfo Eduardo Landa Rivera.

The Plaintiff, Mr. Rodolfo Landa, challenges the refusal in
the language of the issues pursuant to the (8th) Amendment
violation which the Plaintiff had requested knowingly, on the
ground of such evidence following the conducts that was engaged
in a disorderly conducts in failing to give clear notice of what
conduct is so forbidden and no investigation was conducted after
the facts which this department violated Plaintiff Landa's
medical report by giving the Plaintiff, Rodolfo, the forbidden
information which the Plaintiff believed that he was an AIDS
patient.

There was no excessive discretion to decide after the facts
who had falsified the information on the theory that the Plaintiff
is a HIV patient. It is not a matter where Plaintiff must prove
the exposure that must be argued to show the Court was it
intentional and not accidental, pursuant to the false information
and the annoyance as to annoy the disorderly information that was
rendered to the Plaintiff, Rodolfo Landa, which the circumstance
caused a direct disturbances of the Plaintiff thereof.

FIRST CAUSE OF ACTION;

Defendant, Daniel Velez, is being sued for the disruption of family members that has caused disruption between the Plaintiff, Rodolfo Landa, and his future wife.

THIRD CAUSE OF ACTION;

Defendant, Daniel Velez, is being sued for the mental spiritual disruption of the Plaintiff, Rodolfo Landa, mental commitment for medical treatment under false therapy as a mental patient.

FOURTH CAUSE OF ACTION;

Defendant, Daniel Velez, is being sued for the action of false examination of medical treatment under physician's performance under licensing procedure of due process by promoting a false medical statement that strike un-professional as occupational licenses.

FIFTH CAUSE OF ACTION;

Defendant, Daniel Velez, is being sued for psychiatric therapy and psychological through psychotherapists. The Plaintiff, Rodolfo Landa, developed that the information of the labaratory report had corrected the false information that

was considered as a belief which damaged the Plaintiff, Rodolfo
Landa.


SIXTH CAUSE OF ACTION;


The Defendant, Doctor Daniel Velez, is being sued in this
civil lasuit for violating the safeguard procedural which this
civil action cause for the Federal Court to intervene in Estelle
v. Gamble, because the Plaintiff, Rodolfo Landa, has alleged
acts and ommissions sufficiently harmful to evidence because
the damage has been done in violation of the (8th) Amendment
following the distinction between intentional and reckless
conducts, on one hand and mere negligence on the other, is not
limited to assertions that the conduct was cruel and unusual
conduct violative of the Eight Amendment.

It is recommended that these issues be dealt with under
rule with respect to the requirement of this complaint because
the clerk is acting improperly in refusing to file the complaint
where they have failed to conform to local rules as required.


SEVENTH CAUSE OF ACTION;


The clerk did not conform to the intial screening and the
proceeding of processing the information and the Plaintiff,
Rodolfo Landa, have filed the information where the medical
doctor, Daniel Velez, have falsely diagnosed the Plaintiff

(10)

while in the Departamento De Record Medico Campamento Penal
Punta Lima, P.O. Box 36, Naguabo, P.R. 00718. Every screening
examination has been correct by Doctor Capellan that in order to
establish final diagnosis as an expert following Doctor Daniel
Velez; his reactive reckless information where she failed to
confirm what it takes to meet the definition of AIDS which she
has no right to perjur false information again and again until
the Plaintiff, Rodolfo Landa believes that Doctor Daniel Velez's
diagnosis were a fact.

The Plaintiff, Rodolfo E. Landa, was a state prisoner from the Departmamento De Campamento to Penal Lima, P.O. Box 36, Naguabo, P.R. 00718, now a federal prisoner held in the State of Florida Federal Prison, Coleman-USP.

While in the State of Puerto Rico, the Plaintiff, Rodolfo E. Landa, underwent medical diagnosis for HIV, and was therein mislead to believe that he was an AIDS patient. Consequent to same, and among other things, Plaintiff Landa has lost his wife because the Plaintiff had truly believed that the final diagnosis conducted by the Defendants confirmed the AIDS medical report; and Plaintiff Landa was without a trace of knowing how long he would live thereafter, as the treating physician, Doctor Daniel Velez, was of no assistance.

The Plaintiff, Rodolfo Landa, begin to delve in a place in his own mind, and began to go through mental, disorderly problems following the receipt of said false information, which was moreso believed by Plaintiff thereof. Plaintiff Landa asserts he linked closely to his mother and father out of fear to the extent that tomorrow a greater struggle would come where the Plaintiff could no longer carry the thoughts or the concetps of an AIDS patient he became victimized psychologically where there is no evidence showing but the false information.

Doctor Daniel Velez is being sued for not correcting his false information but from his false information the Plaintiff, Rodolfo Landa, was recommended to see a psychiatrist and go

through the treatment prior to the false information that the Defendant, Doctor Daniel Velez, believed referred to as AIDS victim, in this unsound mind mentally unable to understand the mental treatment the chief psychiatrist of the AIDS program.

Information reports the Plaintiff, Rodolfo Landa, was interviewed by Special Doctor with all patient certify as AIDS victim. On June 19, 1996, the thought weighing heavily on the Plaintiff. The Plaintiff, Rodolfo Landa, began to think like a predator and live like a sick leopard bitten by a deadly poisonous copperhead snake drifting away from his human ways. A predator creation he became because no evidence corrected the error how the Plaintiff inherited the AIDS virus which the Plaintiff, Rodolfo Landa, believed; so he called his mother on the phone and she told him that she has not missed a day and at night she prays for him and she pass the phone to Plaintiff's father and Plaintiff's father told the same.

On October 29, 1996, the Plaintiff, Rodolfo Landa was more deeply and emotionally disturbed until life seems to be fading away more and more.

The Plaintiff, Rodolfo Landa, had no way of knowing that Doctor Daniel Velez's information was frivolous and moot because the Plaintiff had believed that Doctor Velez's diagnosis service was given the facts which the Plaintiff believed on October 29, 1996. The Plaintiff called his mother and informed Mrs. Carmen M. Rivera LLopiz, which is the mother of Plaintiff, and the

false information was not appropriate by any means generally speaking pursuant to the condition of false information. The information from Doctor Capellan referred from his received date, September 22, 1995, from Doctor Daniel Velez, which doctor Capellan had processed the received date, September 25, 1995, and even the dates were tampered with out of the original order review these dates when the Plaintiff, Rodolfo Landa, called his mother on the phone. (Mrs. Carmen M. River-LLopiz).

The Plaintiff, Rodolfo Landa, broken new from the diagnosis by Doctor Daniel Velez, was not at all aware or conscious as direct inner awareness, that the information from the labaratory report have mailed to the doctor, Mr. Daniel Velez, from Doctor Capellan diagnosis on September 22, 1995, but this information was not given to the Plaintiff at the Campamento Penal Punta Lima, P.O. Box 36, Naguabo, P.R. 00718, which Doctor Capellan information would have cleared the false information that the Plaintiff's doctor, Daniel Velez, had written in diagnosis that was all lies and the real information was kept secret information.

When Doctor Capellan's diagnosis confirmed that Doctor Daniel Velez's information was false, and that the Plaintiff, Rodolfo Landa, did not have AIDS.

From understanding that the hurt and mental shocks and emotionally state of fear that the perjured information by

Doctor Daniel Velez false diagnosis theory of his own psycho-
analysis and his own preconscious and his wrong written
descriptive of AIDS under his own psychodynamic theory that his
material only brought to the awareness that the Plaintiff did not
have AIDS.

This information could have alleviated the Plaintiff's
difficulties in staying focus and laying back, and serve his
time and then go home freely, and the more the Plaintiff, Rodolfo
Landa, kept listening to Dr. Daniel Velez's false diagnosis
information until the Plaintiff became totality of Doctor Daniel
Velez, following the hypnotic trance by the use of false language
and medication that made the Plaintiff so unconscious and non-
consconscious as to where Plaintiff Landa believed that he was an
AIDS patient or victim of AIDS.

Following hypnosis, the Plaintiff talked with his father,
Eduardo R. Landa, on this same day where the Plaintiff had
escaped, and if the Plaintiff had known that Doctor Capellan
had responded to Doctor Daniel Velez without Doctor Daniel
Velez holding and withholding and blotted out of the essence
of a substantial fact from Doctor Capellan's diagnosis but
the Plaintiff, Rodolfo Landa, had been convinced totally that
he's now an AIDS patient according to Doctor Daniel Velez's
written diagnosis.

This escape could have been prevented if Doctor Capellan's
diagnosis was not withheld or prohibited and blotted out of
views and kept confidential. The Plaintiff had no way of knowing

that on October 30, 1996, he was not an AIDS patient. The only things the Plaintiff, Rodolfo Landa, remember was talking on the phone to his mother, Mrs. Carmen M. Rivera LLopiz and father, Mr. Eduardo R. Landa.

That on October 30, 1996, Plaintiff talked with his brother on the phone with the thought of AIDS souding and echoing inside of his mind.

Never did the Plaintiff this at any time what he was going through was a disease cause hepatitis profile B. Doctor Guerrero on March 5, 1996, while at Complejo Correctional RP APDO. 21380 Rio Piedras, PR 00928, 759-6010 x 260 customer. Patient Rodolfo Landa Rivera, P.R. # 10 BZN 10471, San Juan, 15399.

Plaintiff Landa was processed March 5, 1996; Sample Date, February 29, 1996, and was processed again on October 16, 1996 with sample date October 16, 1996. While at Camp. P.T.A Lima Naguabo Carr. #3 KM. 70, Naguabo P.R. 874-4300.


That on October 9, 1996, time 11:50AM, before the Plaintiff loss focus and became someone else and unconscious based upon a psychodynamic theory that had descriptive all ideas and feeling that was not available to form any other awareness: repress in psychodynamic theory to eject anxiety-provoking ideas impulses or images from awareness without knowing that one's doing so. The more the Plaintiff fights the suppression force of the thought it was a losing battle, non-conscious, was the decriptive of the process like growing hair cannot become

conscious of, but we can recognize that our hair is growing, but cannot directly experience the biological process if a nerve asks to describe why the Plaintiff escaped from prison,

The Plaintiff, Rodolfo Landa, was going through all kinds of psychological false statement conducted by Doctor Daniel Velez and Doctor Vasallo.

## C O M P L A I N T

Now, Doctor Elizabeth Padin Cross is responsible for holding on to the Plaintiff's medical record and withholding same out of views and blotted out of the presence of the Plaintiff from 1992 through 1996, where same was scheduled in several occasions. Plaintiff in this complaint argues that AIDS was performed by the Doctor Daniel Velez diagnosis. The Plaintiff and the September 22, 1995 Reactive Western Blot.

## C O M P L A I N T

The Plaintiff, Rodolfo Landa's information record pursuant to 15299: Now at this time the Plaintiff was wrongfully misled to believe that the Plaintiff was an AIDS patient. Defendant Doctor Daniel Velez is being sued for false information by his own diagnosis and on February 9, 1995, the Director of the laboratory report and this (HIV) test was processed on this same date, February 9, 1995, and sampled on this date, February

9, 1995 while the Plaintiff was in maxima Seguridad-Ponce Inst.,
Reg. Del Sur Ponce Carrection #2, Sector Las Cucharas PR;
843-6605.


# C O M P L A I N T


   Idalia Becerra De Rodriguez, BSMT-MHSA, Director. This
information should have been given to the Plaintiff and corrected.
Defendant Elizabeth Padin Coss is being sued for acting under the
color of law knowing that the Plaintiff was not an AIDS patient.
Doctor Daniel had scheduled several appointments of the same
occasions by the Doctor, Daniel Velez, for false information
Doctor Capellan again received the false information on September
22, 1995 and from Doctor Capellan's own diagnosis explained that
the Plaintiff did not have AIDS and Plaintiff Landa was scheuled
for September 22, 1995 by Doctor Daniel Velez, explaining again
that Plaintiff Landa did not have AIDS.

   Defendant Elizabeth Padin Coss is being sued for supporting
the false chronologist of all medical docket events such as
Record 15299 by Doctor Daniel Velez, not by Doctor Capellan.
Doctor Daniel Velez drew up this false medical document
with the stipulation that Plaintiff Landa had AIDS and each
time the labaratory report cleared that Plaintiff Landa did
not have AIDS.


   Plaintiff Landa asks this Court to protect his (6th)
Amendment. These defendants, specifically, Daniel Velez, are

acting above the law for some unknown reason without even conside-
ring what they are doing by their sworn duty to circumvent the
restrictions imposed on them by the Sovereign State and National
Constitution, even though they have sworn to preserve and protect
and defend the Grand document by the Defendant Velez, who chooses
to impose restrictions and controls on the liberty of the Plaintiff
and just for themselves excessive power and authority not granted
in the Plaintiff's Sixth Amendment Right under the United States
Constitution.

This is very important where the Grand Jury at 18 U.S.C.
§ 3321 and 18 U.S.C. § 3322 is concerned as there are no implemen-
ting regulations the Plaintiff has under the authority of the
United States District Court Statutory Authority for this civil
Grand Jury. See 42 U.S.C. § 1983.

The Plaintiff, Rodolfo Landa, never got the opportunity
following 28 U.S.C. § 1861 and 28 U.S.C. § 1869 Statutory
Authority for Criminal Offense Against the State.

Federal Grand Juries are located at 18 U.S.C. § 3321 and
18 U.S.C. § 3322, with Special Federal Grand Juries at 18 U.S.C.
§ 3331 and 18 U.S.C. § 3339.

By consulting this parallel table of authority and rule,
there has been no implementing from the Court Authority of the
Federal Grand Jury Civil and Criminal because Doctor Daniel Velez
violated a policy rather than substantial rights.

18 U.S.C. § 3333 used in this Section provides that officer

or employee, such as Defendant Daniel Velez, Medical Director of Punta Lima Correctional Facility, even Defendant Elizabeth Padin Coss, Medical Record Director, Punta Lima Correctional Facility.

On June 1996, it was in the responsibility performed by Dr. Casallo, psychiatrist, in the relative part of Title 18 U.S.C. § 3333 violation because the Plaintiff, Rodolfo Landa, is covering all grounds essential hereof.

The Plaintiff, Rodolfo Landa, claims that if all the offense Defendants, such as Defendant Doctor Velez, would not have withheld the respond information from Plaintiff Landa, that was diagnosticos by the AIDS expert examiner, Doctor Capellan, that on September 28, 1995, and the Plaintifff, with accord to this United States District Court Authority that the information should have been presented to Plaintiff, Rodolfo Landa, as Doctor Capellan's exposure of Doctor Daniel Velez diagnosis in the several laboratory where Doctor Daniel Velez continued to implement that the Plaintiff had AIDS after the first AIDS test was conducted by the laboratory. Dr. Capellan's AIDS experiments were negative. Doctor Daniel Velez should have gave the Plaintiff a copy of Doctor Capellan's diagnostic information, but Doctor Daniel Velez constantly continued to annoy all medical annoyance that was kept out of views and in the absence of keeping the Plaintiff, Rodolfo Landa, in a mind state with only the attention of having the thoughts of AIDS in his mind.

Doctor Daniel Velez's information split the attention and made Plaintiff Landa believe that he had AIDS and the Defendant

Daniel Velez had enough time to tell the Plaintiff from Doctor Capellan's expert degrees of his diagnosis which explained that Plaintiff, Rodolfo Landa, did not have AIDS; and Defendant Velez is being sued because of the chronologist of each event that Doctor Capellan cleared the false information which should have been counseled to the Plaintiff, Rodolfo Landa.

Defendant Elizabeth Padin Coss is being sued for not explaining to the Plaintiff, Rodolfo Landa, and not that the Plaintiff medical record number for AIDS docket is 15299 and this docket number 15299, the only docket pertaining to AIDS NOW! The labaratory report from Doctor Capellan cleared and corrected the docket 15299 from this information from the very first by Defendant Daniel Velez's reckless information and frivilously and moot.

The facts and finding of this element of false information and the matter have been done and the (8th) Amendment was thus violated and this action performed with intention.

## A R G U M E N T

The Plaintiff, Rodolfo Landa, has explained the event and the circumstance and how greatly and well explained of all actual false occurrence transpiring from lies and unconsciousness of their jobs.

(21)

# ARGUMENT

Plaintiff, Rodolfo Landa, addresses this Court   preparing the instruction of the (6th) Amendment and (8th) Amendment and the (14th) Amendment. Defendant Doctor Daniel Velez, stretching his head on the wrong side of the Constitution of Commonwealth Plaintiff Rodolfo Landa also raise this issue upon the long delays of keeping the information from the Plaintiff to avoid Plaintiff Landa from learning that the Plaintiff never had AIDS.

# ARGUMENT

The Plaintiff, Rodolfo Landa, presently charged the Defendant Daniel Velez by the false information which caused a mental disorder to the Plaintiff in the arena of the sensory information that place the context in the function of the attention of AIDS cause the disorderly functions which psychological treatment, was false medical proceeding against the (8th) Amendment.

The Plaintiff, Rodolfo Landa, of unsound mind, is mentally incompetent so as to be able to understand the proceeding of AIDS the damage that Doctor Daniel Velez have kept a secret from the Plaintiff. The Plaintiff has developed a split personality following the drawing knowledge that was false pursuant to Doctor Daniel Velez's acting under color system the attention of the thalamus which near the center of the brain that involved in the relay of sensory information the energy or power allows the

attention of messages to be learned.

## A R G U M E N T

Now, from 1992 and 1996 according to medical record 15299. Now, on this date, Thursday, August 9, 2001, if the Plaintiff would question Defendant Elizabeth Padin Coss Medical Degrees and Major Degrees because of her major and her concepts cosmologist theologist of a real psychiatrist under the Study of the Cerebrum or the Hypothalamus or the function cerebellum system of the brain, a physician who practice psychiatry but it appears that the Defendant Daniel Velez had corporated a scheme and a plot under the same pacific standard of time to intimidate or frighten the Plaintiff to death.

The Plaintiff, psychologically, was nervous and this day the Plaintiff have recovered a lot of the false information that has caused the Plaintiff to go through so many kinds of hallucinations, sometimes accompanied by severe perception.

## FACTS AND FINDING OF LAW

Following the circumstance and what have caused to be done by the Defendant, Daniel Velez, that force by trickery of mental damage that forced the Plaintiff, Rodolfo Landa, into the thalamus that involved an action by false information that allow the attention to become a believing concept's that planted into many relays sensory wheteher it measure up to negative positive to this degree of being placed in a mental defect where all the AIDS patients go, and each defendant and the psychiatist could have informed the Plaintiff, Rodolfo Landa, that he did not have AIDS and the Defendant Doctor Daniel Velez, had enough time to inform the Plaintiff that he did not have AIDS.

## S P E C I A L   F I N D I N G

Specifically, Plaintiff Landa sets forth the ultimate facts establishing by the evidence of this incident transpiring from the actual circumstance that occurred and by means of these dates by Doctor Capellan now review from the time the Plaintiff, Rodolfo Landa, was arrested, May 19, 1992 and review that on September 22, 1995, review November 2, 2001, never did any of the Defendant that are being sued inform Plaintiff Landa that he did not have AIDS. Review Doctor Capellan received date 09-25-95 and review the sample 9-25-95 and review the process of Doctor Capellan that on 09-28-95 now review how the Plaintiff found out

that he did not have AIDS the Plaintiff escaped from prison on Oct 30, 1996 and was arrested by Special Agents of the FBI and while in federal custody the Plaintiff, Rodolfo Landa, on May 23, 1997 was captured and the Doctor, W. Diaz, M.D.C. Guaynabo P.R. now from the Special Federal Medical Detention Agents by Doctor W. Diaz at Metropolitan Detention Center diagnosed the Plaintiff on February 17, 1998 and process and sample on these same date and was negative the state violated the 1st Amendment right and the (5th) Amendment explained that no person should or shall not be deprived of life or liberty without proper due process information in the Constitutional language. This also violates Plaintiff, Rodolfo Landa's, (6th) Amendment right to trial or be heard in our public court of law where all Defendant Daniel Velez committed perjury of the nature of false information which caused a mental defect negative accusation and this matter also connect the (7th) Amendment violation.

In this civil suit of $25,000,000 dollar of common law where the value will settle this controversy because the Plaintiff Rodolfo Landa, will accept $5,000,000 dollar by right out of $25,000,000.00. Therefore, the Plaintiff, Rodolfo Landa, has a right to be counseld before a jury by trial and is to be tried except by jury.

The Plaintiff, Rodolfo Landa, showing in this statute of this title 18 U.S.C.A. § 242, whoever under color of law statute ordinance regulation, or a custom willfully subjects any

inhabitant of any state or territory or district to the deprivation of any rights, priveleges, or following immunities secured or protected by the Constitution laws of the United States or to a different punishment, pains or penalties on account of such inhabitant being an alien or by reason of his color or race than are prescribed for the punishment.

Following the state violation the Plaintiff, Rodolfo Landa, questions whether the state law had violated the rights by depriving of federal rights by one who is acting under the color of law. See Screw v. United States (1945) 325 U.S. 91, 89 L.Ed 1499, 65 S.Ct. 1031, 162 ALR 1330, in the course of obstructing justice.


Following the discrimination and failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored, Ref Baker v. Cal. Land Title Co., D.C. Cal. 346 F.Supp. 23, 238, 239, Title VII of the 1969 Civil Rights Act following Title 18 U.S.C.A. § 241, if two or more persons conspire to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of any rights or priveleges secured to him by the Constitution or laws of the United States or because of the art of disguise with the intent not to prevent all hindering information the 42 U.S.C. § 1985 following the employees followed the policy or custom is held liable under 42 U.S.C. § 1986. See Vasquez v. Reno, 1978 D.C. Nev., 461 F.Supp. 1098, 21 BNA Fed. Cas 1281 19 CCH E P D 9091.

Municipality is directly liable under 42 U.S.C. § 1985(2); 42 U.S.C. § 1986; and 42 U.S.C. § 1985(3) only where it is shown that deprivation of rights pursuant to policy statement, ordinance regulation.

Following the (4th) Amendment, the official is not acting in their official capacities is subject to action under this section Black Bros. Combined Inc. v. Richmond, 1974 E.D. Va. 386 F. Supp. 147, 12 BNA Fed Cas. 432, 10 CCH EPD 10267. If the city or other municipal corporation had policy or custom of refusing, neglecting to prevent violations of 42 U.S.C. § 1985, as in this case, medical docket 15299, pursuant to the medical employees by not following the policy and the statute is held liable under 42 U.S.C. § 1986. See Vasquez v. Reno, 1978 D.C. Nev. 461 F.Supp. 1098, 21 BNA Fed Cas 1281, 19 CCH EPD 9091.

Municipality is directly liable under 42 U.S.C. § 1985(2). See Bell v. Milwaukee, 1982 Ed. Wisc. 536 F.Supp. 462, 279. Further, reference 41 ALR 3rd 700, personal liability lawbreaker color of law the appearance or resemblance without the substance of legal right. State v. Brechler, 185 Wis. 599, 202 NW 144, 148. Also refer to Black's Law Dictionary, 4th Edition, page himself or another confirmation of a previous act done.

Ratification in a bond sense the confirmation of a previous act done of a voidable act story ag. 250-251. Kent Comm. 237, Norton v. Shelby County, 6 S.Ct. 1121, 118 U.S. 435, 30 L.Ed 178; Gallup v. Fox, 30 A. 756, 64 Conn. 491, in the law of principal and agent, the adoption and confirmation by one person with

knowledge of all material facts of and act or contract performed
or entered into malice in law is not necessarily personal hate
or ill will. State of mind which is reckless of the law legal
rights. Chrisman v. Terminal R. Ass'n of St. Louis, 237 Mo. App.
181, 157, S.W. 2d 230, 235.

   Fraud is an intentional perversion of truth for the purpose
of inducing another in reliance upon it in part with some valuable
thing belonging to him or to surrender a legal right based upon
false allegations or by concealment of that which should have been
disclosed which deceives and is intended to decieve another so
that he shall act upon it to his legal injury. Brainerd Dispatch
Newspaper Co. v. Crow Wing County, 196 Minn. 194, 264 N.W. 779,
780. Any kind of artifice employed by one person to deceive
another. Goldstein v. Equitable Life Assur. Soc. of U.S., 160
Misc. 364, 289, N.Y.S. 1064, 1067; a generic term embracing all
multifarious means which human ingenuity can devise and which
are resorted to by one individual to get advantage over another
by false suggestions or by suppression of truth and includes all
surprise, trick, cunning, dissembling and any unfair way by
which another is cheated. Johnson v. McDonald, 170 Okl. 117, 39
P.2d 150.

   Bad faith and fraud are synonymous and also tooken the
ability to file timely in the court and now the Plaintiff was
deceived by the employee by false psychology which corporate
false artifice employee.

CLERK

UNITED STATES DISTRICT COURT
FEDERAL COURTHOUSE

1550 MAIN STREET, ROOM 539

SPRINGFIELD, MASSACHUSETTS

ZIP-01103-1422

MR. RODOLFO E. LANDA-RIVERA,

     Plaintiff,

vs.

DEPARTAMENTO DE CORRECION
DOCTOR DANIEL VELEZ
CAMPAMENTO PENAL PUNTA LIMA
P.O. BOX 36
NAGUABA, P.R. 00718

vs.

CORPORATION COUNSEL
441 FOURTH STREET, N.W.
WASHINGTON, D.C. 20001

CIVIL ACTION 04-2349 (JAF)
MAGISTRATE Civil 04-CV01966

APPEAR BEFORE SPECIAL
FEDERAL GRAND JURY

INJUNCTIVE RELIEF

28 U.S.C. 3321
28 U.S.C. 3322
18 U.S.C. 3331
18 U.S.C 3334

---

# J U R I S D I C T I O N:

    Following the deprivation of rights secured by the (6th)
Amendments, No person shall be deprived of life, liberty, or
property without due process of law. The (7th) Amendment in
this $25,000,000 dollar of common law, where the value in
controversy shall exceed the right to jury by trial shall be
preserved and no fact tried except by jury.

(29)

CLERK

UNITED STATES DISTRICT COURT

FEDERAL COURTHOUSE

1550 MAIN STREET, ROOM 539

SPRINGFIELD, MASSACHUSETTS

ZIP-01103-1422

MR. RODOLFO E. LANDA-RIVERA,                    CIVIL ACTION 04-2349(JAF)
                                                MAGISTRATE Civil 04-cv01966
        Plaintiff,

                                            APPEAR BEFORE SPECIAL
vs.                                         FEDERAL GRAND JURY

                                                28 U.S.C. 3321
                                                28 U.S.C. 3322
DEPARTAMENTO DE CORRECION                       18 U.S.C. 3331
DOCTOR DANIEL VELEZ                             18 U.S.C. 3339
CAMPAMENTO PENAL PUNTA LIMA
P.O. BOX 36                                 DECLARATORY INJUNCTIVE RELIEF
NAGUABO, P.R. 00718

vs.

CORPORATION COUNSEL
441 FOURTH STREET, N.W.
WASHINGTON, D.C. 20001

---

# V E R I F I C A T I O N :


        Plaintiff, Rodolfo Landa    Rivera, alleges and states that

42 U.S.C. § 1985, obstructing justice is true and correct and a

copy was mailed to the Clerk's Office at United States District

Court for the District of Columbia, 333rd Washington, D.C. on

this ____ day of _____ 2004.

                                Respectfully Submitted,

CLERK

UNITED STATES DISTRICT COURT
FEDERAL COURTHOUSE
1550 MAIN STREET, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP-01103-1422

MR. RODOLFO E. LANDA-RIVERA,

     Plaintiff,

vs.

DEPARTMENT DE CORRECION
DOCTOR DANIEL VELEZ
CAMPAMENTO PENAL PUNTA LIMA
P.O. BOX 36
NAGUABO, P.R. 00718

vs.

CORPORATION COUNSEL
441 FOURTH STREET, N.W.
WASHINGTON, D.C. 20001

CIVIL ACTION 04- 2349  JAF
MAGISTRATE  Civil 04-CV 0196

APPEAR BEFORE SPECIAL
GRAND JURY
FEDERAL COURT

28 U.S.C. 3321
28 U.S.C. 3322
18 U.S.C. 3331
18 U.S.C. 3334

DECLARATORY RELIEF
INJUNCTIVE

S U M M O N S:

    To the above Defendant Daniel Velez. You are hereby summoned
and required to serve upon _Doctor Daniel Velez_, whose
address is _Campamento Penal Punta Lima_
_PO. Box 36 Naguabo P. R. 00718_. An answer to the complaint
within 30 days after service of this summons upon you of the
day of service if you failed to do so, judgment by default will
be taken against you for the relief demand in the complaint on
this date: _September 9th 2004_

(31)

UNITED STATES DISTRICT COURT
FEDERAL COURTHOUSE
1550 MAIN STREE, ROOM 539
SPRINGFIELD, MASSACHUSETTS
ZIP-01103-1422

Notice is hereby given, pursuant to the following Article I, Section 8, Cl. 17, National Constitution as defense in the language of the parameters of the Jurisdiction of the United States that have obtained territory.

It is the District of Columbia that has obtained Commonwealth of Puerto Rico following this notice pursuant to 12-309 to the District the intent to being this $25,000,000 dollar unliquidated damage and filing this civil action as defined at 18 U.S.C. § 5, all jurisdiction, United States District of Columbia, 26 U.S.C. § 3121(e)(1)(2) as the State District of Columbia to the Commonwealth of Puerto Rico

Certificate of Service:

I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

Rodolfo C. Landa Rivera.

Subscribed and Sworn to Before me

This ___9th___ day of ___September___ 2004.


**FCC Coleman, Florida Sumter County**

My Commission Expires: _____

~~Subscribed and sworn before me this~~
~~9th day of September, 2004~~
S. Scott _____
Case Manager

Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC & 4004.)


Let the applicant proceed without pre-payment of costs of the necessity.

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOV 1 0 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| MR. RODOLFO E. LANDA RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.    04 1966 |
| | ) | |
| DEPARTAMENTO DE CORRECION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## TRANSFER ORDER

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff is a federal inmate at the United States Prison in Coleman, Florida. He alleges that while he was incarcerated in a prison in Puerto Rico medical staff erroneously found him to be HIV positive. Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.

Plaintiff's claims arise from alleged wrongdoing at the prison facility in Puerto Ric, where the individuals directly implicated are located. None of the claims arise from actions in this jurisdiction or involve individuals who reside in the District of Columbia. The Court therefore finds it in the interests of justice and judicial economy to transfer the case pursuant to 28 U.S.C. §1406(a) to an appropriate venue. *See* 28 U.S.C. § 1391(b) (under the circumstances presented, venue lies where the defendants reside or where "a substantial part of the events or omissions giving rise to the claim occurred . . .").

Accordingly, it is this 27th day of October, 2004.

**ORDERED** that this action is hereby **TRANSFERRED** to the United States District Court for the District of Puerto Rico. The Clerk of this Court shall file and docket the complaint. Whether plaintiff should be permitted to proceed further without prepayment of fees is a

determination to be made by the transferee court.

United States District Judge



# LABORATORY REPORT

PO BOX 549
BAYAMON PUERTO RICO 00960

TEL (809) 787-9095
FAX (809) 740-0902

MED NO. 408107   LIC. 526

15299

| SAMPLE NO. | AGE | SEX | LAB NO. | PAGE |
|---|---|---|---|---|
| | 23 | | 928319 | 1 |

LONDA RIVERA RODOLFO
**PATIENT NAME**

CUSTOMER

MAXIMA SEGURIDAD-PONCE
INST. REG. DEL SUR PONCE
CARR. #2 SECTOR LAS
CUCHARAS, PONCE PR
843-6605

| RECEIVED DATE | DEPARTMENT | ROUTE | PROCESSED | SAMPLE DATE | TIME | ACCOUN |
|---|---|---|---|---|---|---|
| 020995 | | 14 | 02/09/95 | 02/09/95 | | 783 |

HTLV III (HIV) ELISA        NON REACTIVE
IN ORDER TO ESTABLISH FINAL DIAGNOSIS, ALL
POSITIVE HIV (ELISA) SHOULD BE CONFIRMED
WITH A WESTERN BLOT AND MEET THE CASE
DEFINITION OF AIDS ESTABLISHED BY THE CENTERS
FOR DISEASE CONTROL (CDC).


IDALIA BECERRA DE RODRIGUEZ, BSMT-MHSA
DIRECTOR



CONFIDENCIAL:
Prohibido divulgar o fotocopiar
esta información a terceras
personas.

CONFIDENCIAL

COLEGIO D
SELLO
No.03
PUERTO RICO
ESPECIAL
10.05
MEDICOS DE



**19 81**

# CLENDO

CLENDO REFERENCE LAB.

PO BOX 549
BAYAMON PUERTO RICO 00960

TEL. (809) 787-9095
1-800-981-9771
FAX (809) 740-0902

# LABORATORY REPORT

CUSTOMER

PONCE PRINCIPAL
INST. REG. DEL SUR-PONCE
APT. 7285
PONCE, PR  00732-7285
259-2929

MED NO. 408107 LIC. 526

| I.D. NUMBER | AGE | SEX | LAB. NO. | PAGE |
|---|---|---|---|---|
| 24171 | 24 | M | | 1 |

PATIENT

LANDA RIVERA RODOLFO

F4 M-VERDE

REFERRED BY DR CAPELLAN

| RECEIVED DATE | DEPARTMENT | ROUTE | PROCESSED | SAMPLE DATE | TIME | ACCOUNT NO. |
|---|---|---|---|---|---|---|
| 92295 | | 14 | 09/25/95 | 09/22/95 | | 780 |

| TEST | LABORATORY REPORT | RANGE | UNITS |
|---|---|---|---|
| LV III (HIV) ELISA | REACTIVE RECK. | | |

IN ORDER TO ESTABLISH FINAL DIAGNOSIS, ALL
POSITIVE HIV (ELISA) SHOULD BE CONFIRMED
WITH A WESTERN BLOT AND MEET THE CASE
DEFINITION OF AIDS ESTABLISHED BY THE CENTERS
FOR DISEASE CONTROL (CDC).

*Maw Sept 27-95*

IDALIA BECERRA DE RODRIGUEZ, BSMT-MHSA
DIRECTOR

CONFIDENCIAL:
Prohibido divulgar o fotocopiar
esta información a terceras
personas.

CONFIDENCIAL

CONFIDENCIAL



COLEGIO DE TECNOLOGOS
MEDICOS DE PUERTO RICO
SELLO
No.83
10.05
ESPECIAL

# LABORATORY REPORT

**CLENDO**
CLENDO REFERENCE LAB.

PO BOX 549
BAYAMON PUERTO RICO 00960

TEL. (809) 787-9095
1-800-981-9771
FAX (809) 740-0902

MED NO. 408107  LIC. 526

**CUSTOMER**
PONCE PRINCIPAL
INST. REG. DEL SUR-PONCE
APT. 7285
PONCE, PR  00732-7285
259-2929

**PATIENT**
LANDA RIVERA RODOLFO

F4 M-VERDE

| I.D. NUMBER | AGE | SEX | LAB. NO. | PAGE |
|---|---|---|---|---|
| 124171 | 24 | M | | 1 |

REFERRED BY DR CAPELLAN

| RECEIVED DATE | DEPARTMENT | ROUTE | PROCESSED | SAMPLE DATE | TIME | ACCOUNT NO. |
|---|---|---|---|---|---|---|
| 092295 | | 14 | 09/28/95 | 09/25/95 | | 780 |

| TEST | LABORATORY REPORT | RANGE | UNITS |
|---|---|---|---|

WESTERN BLOT-CONFIRMATORY
 HIV (ELISA)               REACTIVE RECK.
 ABSORBANCE                0.723
 CUTOFF VALUE              0.265
 WESTERN BLOT              INDETERMINATE
WESTERN BLOT INTERPRETATION:
NEGATIVE: NO ANTIBODIES OR SPECIFIC BANDS PRESENT
          A NEGATIVE BLOT DOES NOT EXCLUDE THE
          POSSIBILITY OF HIV INFECTION.
INDETERMINATE: ANY BANDS PRESENT BUT PATTERN DOES
               NOT MEET CRITERIA FOR POSITIVE.
INDETERMINATE BLOTS SHOULD NOT BE USED AS THE
BASIS FOR DIAGNOSIS OF HIV INFECTION AND MUST
BE CONSIDERED POSITIVE OR NEGATIVE. THE CORRECT
EVALUATION MUST BE BASED ON SUBSEQUENT BLOT
TESTING AND CLINICAL EVALUATION.
ANTIBODIES WERE PRESENT TO THE FOLLOWING PROTEINS
AND OR GLYCOPROTEINS:   P17    P24    P31    GP41
 __P51  __P55  __P66   GP120   GP160.
CDC CRITERIA FOR A POSITIVE WESTERN BLOT (July 21
1989) INCLUDES ANY TWO BANDS OF P24, GP41, OR
GP120/160. FINAL DIAGNOSIS CAN ONLY BE MADE IF A
PERSON MEETS THE CASE DEFINITION OF AIDS
ESTABLISHED BY THE CENTERS FOR DISEASE CONTROL..

IDALIA BECERRA DE RODRIGUEZ, BSMT-MHSA
DIRECTOR

CONFIDENCIAL

**DEPARTAMENTO DE SALUD**
**PROGRAMA DE SERVICIO DE**
**SALUD CORRECCIONAL**

*Sick Call*
**SERVICE**

Name: Rodolfo Landa Rivera
Record #: 15299
Date Birth: 3 Abril 71
Institution: Camp. Punta Lima Naguabo
Living Unit: 3A

Include vital signs and weight on every entry: (MD., DMD)

| DATE HOUR M-D-Y | NOTES |
|---|---|
| Oct 9/96 | BP: 110/70    P: 84/m    R: 17/m    T: 36.7°C    Peso: 160 # |
| 11:50 AM | S: ① "Me salió verruga en la mano Ⓘzquierda" |
| | ② "Rash en la barba" |
| | ③ "Soy HIV +" |
| | Pte. refiere ser alérgico a penicilina |
| | O: V/s estables |
| | Heent: _____ |
| | Pulmones: Claros a la auscultación |
| | Corazón: Ritmo regular |
| | Abdomen: Suave y depresible |
| | Ext. sup. Iz. Signos excredencia |
| | ubicada en nudillo del dedo |
| | Medio de la mano Iz. |
| | A: ① Verruga vulgar mano Iz. |
| | ② Dermatitis barba |
| | ③ HIV +    ④ Hepatitis C, CONFIDENCIAL |
| | P: ① CBC + diff, V/s CD4, SMA20. |
| | ② Placa de pecho. |
| | ③ Duofilm aplicar area afecta da bid # |
| | ④ Elocon cream _____ |

CONFIDENCIAL
CONFIDENCIAL:
Prohibido divulgar o fotocopiar
esta información a terceras
personas.

10

**DEPARTAMENTO DE SALUD**
**PROGRAMA DE SERVICIO DE**
**SALUD CORRECCIONAL**

_Sick-Call_
**SERVICE**

Name: _Rodolfo Landa Rivera_
Record #: _15099_
Date Birth: _3-Abril-71_
Institution: _Camp. Punta Lima Naguabo_
Living Unit: _F-A_

Include vital signs and weight on every entry: (MD., DMD)

| DATE HOUR M-D-Y | NOTES |
|---|---|
| 7/14/96 | BP: 120/74   P: 61/m   R: 19/m   T: 36.8°C   Peso: 161# |
| 11:40 | AP S (1) Dolor de garganta y tos |
|  | (2) Alergia nasal |
|  |  |
|  | Pt refiere ser alérgico a Penicilina |
|  | O c/s estable. |
|  | Garet: Faringe hiperémica |
|  | no placas de pus. |
|  | Pulmones: Claros a la auscultación |
|  | Corazón: Ritmo regular |
|  | Abdomen: suave y depresible |
|  | Ext. nl/c |
|  | A. (1) Sinusitis viral |
|  | P. (1) Cloraseptic para garganta |
|  | mismo bid # 1 |
|  | (2) Actifed 1 ✗ PO tid #12 |
|  | (3) Relafen 1 ✗ PO bid #10 |
|  | (4) Guayfenesin 1 cc PO 964 |
|  | (5) Disc de atte. |
|  | Curet Cardona #8 |

**PROGRESS NOTES**

CONFIDENCIAL

CONFIDENCIAL: Prohibida divulgar o fotocopiar esta información a terceras personas.

11

ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE SALUD
PROGRAMA SERVICIOS SALUD CORRECCIONAL

# EXAMEN FISICO

NOMBRE _Rodolfo Lado Piva_

Fecha _6/8/86_                  Edad _2—_

| Presión Sang. _110/r_ | Frec. Pulso, _80_ | Ritmo Pulso _Regu_ | Frec. Respir. _9_ | Ritmo Respir. _rg_ |
|---|---|---|---|---|
| Talla | Peso _15+_ | Temp. _37_ | Agud. Visual | Tensión Ocular |
| Apar. General | ☑ Saludable  ☐ Enfermo | | ☑ Aseado  ☐ Descuidado | |

| PARTES DEL CUERPO | OBSERVACIONES |
|---|---|
| 1. Cabeza, Cara, Cuero Cabelludo | Negro cabello |
| 2. PIEL   Lesiones, Ulceras, Ecteria Laceraciones, Marcas | hydratado |
| 3. OJOS   (a) Púpilas, Fondo de ojo | no esclera |
|           (b) Conjutiva, Esciera | sg medir |
| 4. OIDOS  (a) Pabellón, canales, tímpano | no intacto |
|           (b) Audición | sg medir |
| 5. NARIZ  (a) Desviación, Polipos   (b) Mucosa | no deviación |
| 6. BOCA   (a) Dientes, encía, mucosa | no Recesivo |
|           (b) Amigdala, garganta | hydratado |
| 7. CUELLO (a) Linfáticos, movimientos, pulso carotideo | no eremic |
|           (b) masas, tiroide | no masas |
| 8. PARED TORAX   Anomalías, retracciones | no Edemyd |
| 9. MAMAS | no retracci |
| 10. PULMONES   Acescult, Percusion | no fine cursful |
| 11. CORAZON   Frec. PMI - Soplos, Thrill, Galope | Clear sin ticat |
| 12. ABDOMEN   Apariencia general, Masa, dolor, dureza | blanda sin rsb |
| 13. HIGADO   (a) Tamaño | no Tendi R/P |
|              (b) Reborde | regular |
|              (c) Dolor | |
| 14. BAZO | regular |
| 15. REGION INGUINAL   (a) Nódulos | regular |
|                        (b) Lesiones | |
|                        (c) Hernias | regular |
| 16. ESPALDA   (a) Dolor   (b) Deformidades | no deformidad |
|               (c) movimientos | no dolor |
| 17. EXTREMIDADES   (a) Deformidad, Clubbing | no edema |
|                     (b) Marcas | no cya |
| 18. FLANCOS | regular |
| 19. ARTICULACIONES   (a) Deformidad, ruidos | no ruido |
|                       (b) Grados movimientos | no deformd |
| 20. NEUROLOGICO   (a) Tacto Grosero | |
|                    (b) Reflejos | |
|                    (c) postura | Adecuada |
|                    (d) habla | |
| 21. RECTAL   Tono Esfinter, Hemorroides, Próstata | no hemorroid |
| 22. VARONES   Pene, Ecroto, Testículos | no hern |
| 23. MUJERES   (a) Vulva, Vagina | N |
|               (b) Cuello Uter. | |
|               (c) Utero, organos anexos | |

| tboratorios | PPD or Tine | RPR OR VDRL | SGPT | UA. |
|---|---|---|---|---|

agnóstico   _IVRA — HIV⊕ Sp Dgnt B-C_

(ontinua al dorso)

CONFIDENCIAL

CONFIDENCIAL:
Prohibido divulgar o fotoc
esta información a ter
personas.

12

DEPARTAMENTO DE RECORD MEDICO
CAMPAMENTO PENAL PUNTA LIMA
PO BOX 36
NAGUABO PR 00718

*Resumen Médico*

*Nombre del Paciente:* Rodolfo Landa    *Institución:* Camp Punta Lima
                                         Rivera
*Edad:* 25                               *Número de Record:* 15299

**Historial:**

a.   *Pasado:* H + IVDA           Alergico a Penicilina
     (HIV(+))
     Herida arma por mundo izquierdo 1984 Hospital Medical
     Gun To 6 area and chest 1958 P.R.M.C

b.   *Presente:* HIV(+)

**Diagnósticos y/o Procedimientos:**
     CXR   AP + LAT  9-01-93 = NEG
     Electromyographic and nerve conduction Velocities if are
     8-23-94 = RT Superficial peroneal sensory Nerve injury

**Laboratorios relevantes a su condición (con fechas):**
     HIV TEST  22 Sept 95 Reactive
     Western Blot 22 Sept 95 Reactive
     CD4  10-14-96  556

CONFIDENCIAL
Prohibido divulgar o fotocopiar
la información a terceras
personas si aplica)

**Tratamiento:** (Si el paciente es P.P.D.(+)/INH [Dosis fecha de inicio y terminación si aplica]
     Internal Medicine Clinics
     No pharmacological Treatment at the moment 1995 - 1996

*Nombre del médico:* Dr. Daniel Velez        *Firma:*  [signature] CONFIDENCIAL
(Letra de Molde)

*Núm. de Licencia:* 10037                    *Fecha:* 11  5  01
                                                      (Día / Mes / Año)

DEPARTAMENTO DE SALUD
PROGRAMA SERVICIOS SALUD CORRECCIONAL
DEPARTAMENTO DE MANEJO INFORMACIÓN DE SALUD



Estado Libre Asociado de Puerto Rico
Departamento de Salud
Programa Servicios Salud Correccional

### RESUMEN MEDICO

Nombre del Paciente _____ Institución _____
Edad _25_ (1996)    Agr. PNC    Número de Record _15 899_

Historial:

a. Pasado _____

b. Presente _____

Diagnóstico y/o Procedimientos
HIV(+)
Hepatitis C
Hepatitis B

Laboratorios relevantes a su condición (con fechas): _____

Tratamiento (si el paciente es PPD (+) Dosis fecha de inicio y terminación si aplica)
_____

Nombre del médico: _Dra. Ruth E. Rios_    Firma _____
(Letra del Molde)

Núm. de licencia _10901_    Fecha _12/5/03_

CONFIDENCIAL: Prohibido divulgar o fotocopiar esta información a terceras personas. CONFIDENCIAL

**Rodolfo Eduardo Landa Rivera**
**14838-069**
**F.C.C. Coleman**
**P.O. Box 1033**
**Coleman, Fl., 33521-1033**


Noviembre 10, 2003


Sra. Elizabeth Padin
Departamento de Record Medico
Campamento Zarzal
P.O. Box 1390
Riogrande,
Puerto Rico, 00745-1390


Apreciada senora Padin:

Respetuosamente me dirijo a usted para solicitarle el favor de enviarme mi historial medico completo desde 1992 hasta Octubre 30 de 1996, cuando estuve en las carceles Presidio, Malvina, Mayaguez, Bayamon, Ponce Maxima (Las Cucharas), Ponce Principal, y Punta Lima.

En la actualidad estoy en U.S.P. Coleman, en la direccion arriba anotada.

Dadas mis condiciones de salud, estos records son de vital y extrema urgencia.

Quedo a la espera de su pronta respuesta y le agradezco con anticipacion la atencion que le preste a la presente.


                    Atentamente,

                    *Rodolfo E. Landa Rivera.*
                    Rodolfo Eduardo Landa Rivera

                    **FCC Coleman, Florida Sumter County**

                    Subscribed and sworn before me this
                    _10th_ day of _November_, 20_03_.
                    _J. Fabie_
                    Case Manager

                    Authorized by the Act of July 7, 1955, as
                    amended, to administer oaths (18 USC & 4004)


7002 2410 0002 6569 0606