UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
MARK CIMINI,                        )
            Plaintiff,              )
                                    )
        v.                          )   C.A. No. 05-10027-WGY
                                    )
MARGARET CIMINI,                    )
MIDDLESEX COUNTY PROBATE &          )
FAMILY COURT JUDGE EDWARD F.        )
DONNELLY, MASSACHUSETTS                 )
SUPREME JUDICIAL COURT              )
JUDGE J. IRELAND and                )
COMMONWEALTH OF MASSACHUSETTS           )
            Defendants.             )
_____)
```

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, Plaintiff's Application to Proceed Without Prepayment of Fees is denied, and this action is dismissed.

<u>BACKGROUND</u>

On January 4, 2005 Plaintiff Mark Cimini filed an application to proceed without prepayment of fees and a pleading entitled "Complaint in the Nature of a Petition for Writ of Mandamus and to Invoke the General Superintendence of the Court." The Complaint names his former wife, Margaret Cimini, Judge Edward Donnelly of the Massachusetts County Probate and Family Court, Judge Ireland of the Supreme Judicial Court, and the Commonwealth as defendants. The complaint alleges, *inter alia*, that Cimini's

constitutional due process and equal protection rights[1] were
violated by the state courts, in connection with the child
custody determinations made by the Probate Court, and the
subsequent denial of his appeal by the Supreme Judicial
Court.  Attached to his Complaint were several documents
from the underlying state court proceedings.

It appears from the attachments that on September 22,
2004, Cimini filed in the Probate Court, a Petition for Writ
of Habeas Corpus for his minor child (Docket No. 97D-4115-
DV1).  That petition was dismissed by Justice Donnelly on
September 23, 2004 without a hearing, for failure to state a
claim upon which relief may be granted (Decree on Petition
for Writ of Habeas Corpus, dated September 23, 2004, page
1).  Justice Donnelly found that a writ is available in the
family law context pursuant to M.G.L. c. 208, §32 and M.G.L.
c. 248, §35, where a person is holding a child with no legal
right to do so.  Id. page 2. However, in this case, he
rejected Cimini's citations to 18th and 19th century common
law regarding the presumptive right of the father to custody

_____

[1]Cimini alleges that " It has become public knowledge that
the courts of the Commonwealth are unfair and biased against
male litigants."  No factual support for this contention, nor
any facts that this applied specifically to Cimini's case, has
been shown.

of his minor children, and further found that the mother of the child had the same custody rights as the father, pursuant to the divorce decree. Id. He therefore found that Cimini's child was not illegally detained by the mother, since she had the legal right to physical custody of the minor child. Id.

On October 7, 2004, Cimini filed an "Order to Show Cause Against Judge/Justice Edward F. Donnelly." On October 19, 2004, he filed an Appeal of the Dismissal of the Habeas Corpus petition with the Massachusetts Supreme Judicial Court (SJC). On November 24, 2004, Judge Ireland of the SJC denied the petition for appeal of the Probate Court dismissal without a hearing. Cimini then filed a request for reconsideration. On December 15, 2004, Judge Ireland denied the request, which prompted Cimini's filing in this Court.

Cimini's Complaint contests the denial of his property (i.e. his children), claiming this to be an unlawful taking. (Compl. ¶¶3-6). He contends his Order to Show Cause is a Writ of Right, which was summarily denied without explanation or a hearing (Compl. ¶¶7-12). He further claims Judge Donnelly misused the law to dismiss his case. (Compl.

¶13). Cimini contends that he failed to receive substantive findings of facts and conclusions of law with respect to his petition, which resulted in the denial of the right to file a written response. Compl. ¶18). He further contends the Probate Court failed to acknowledge English Common Law that his children are his property and that the Commonwealth engaged in the unlawful taking of his property. (Compl. ¶¶21-25). With respect to his ex-wife, Cimini claims she is immoral and abusive and neglectful of his son Jonathan.

Cimini then includes several pages of "Issues" such as "Who has Common Law title to my son Jonathan?"; "By what right does the Commonwealth mandate I treat my two children differently, e.g., is my daughter a 'child of a lesser god', or entitled to less Constitutional protections because of the order of her birth?"; (Compl. ¶28). Other questions include "...by what right does the Commonwealth redefine family from the Common Law definitions and protections?"; "...what religion is the state imposing on its citizens?"; "If the right to children is not an unalienable right, what is an unalienable right?" (Compl. ¶28). The remainder of the Complaint outlines the alleged "Transgressions" of both Justice Donnelly and Judge Ireland in connection with their

4

rulings.

Cimini seeks relief as follows: 1) to have his parental rights acknowledged and restored by this Court; 2) to have this Court acknowledge the Common Law property issues; 3) to have this Court find the state courts denied him due process and had no jurisdiction; and 4) that if his case is dismissed, that this Court offer clear instructions of how his pleadings are deficient and how to repair the pleading[2].

Accompanying his Complaint, Cimini filed an Application to Proceed Without Prepayment of Fees, referencing his "Motion for Leave to Proceed *In Forma Pauperis*."

<u>ANALYSIS</u>

I.  <u>The Court May Screen This Action.</u>

This Court may screen the complaint filed by Cimini under 28 U.S.C. §1915.  Section 1915, authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting former

_____

[2]Except to the extent outlined in this Memorandum and Order, this Court declines to provide Cimini with legal advice or instructions on how to rectify deficient pleadings, and further declines to give gratuitous opinions on the various issues of law he presents.

§1915(d)), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2).[3]

II.  The Complaint Is Subject to Dismissal

Cimini's complaint is subject to dismissal under §1915 because 1) Cimini's Complaint fails to comply with both Rule 8(a) and Rule 11 of the Federal Rules of Civil Procedure; and 2) this Court lacks subject matter jurisdiction over Cimini's Petition for Writ of Mandamus to review the decisions of state courts.  This Court also lacks jurisdiction to grant habeas relief over the child custody dispute.

---

[3]Claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity or involve the infringement of a legal interest which clearly does not exist.  See Neitzke, 490 U.S. at 327-328 (interpreting the former §1915(d)); accord Denton, 504 U.S. at 32 ("clearly baseless" actions may be dismissed); Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject matter jurisdiction). Complaints containing claims based on indisputably meritless legal theories or factual allegations that are clearly baseless may be dismissed sua sponte and without notice.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Actions may be screened and dismissed prior to the issuance of summonses. See Neitzke, 490 U.S. at 324 (review may occur prior to issuance of process to spare prospective defendants the inconvenience and expense of answering defective complaint).

Additionally, to the extent Cimini seeks to bring claims under 42 U.S.C. §1983 for civil rights violations,[4] those claims are subject to dismissal because Judges Donnelly and Ireland are entitled to absolute judicial immunity, and the Commonwealth of Massachusetts and its courts are entitled to Eleventh Amendment immunity. With respect to Cimini's state-law claims against his child's mother, Margaret Cimini, this Court declines to exercise jurisdiction over such claims, under the "domestic-relations" exception.

A. <u>Cimini's Complaint is technically deficient</u>.

As an initial, technical matter, Cimini's pleadings are deficient. First, he failed to provide the Court with an original pleading containing his signature. Rather, he has filed what appears to be a <u>copy</u> of his petition for writ of mandamus which does not contain an original signature as required by Rule 11 of the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 11(a) ("[e]very pleading . . . if the party is not represented by an attorney, shall be signed by

---

[4]Although §1983 is not expressly invoked in this action, Cimini has alleged in the state court proceedings he also claimed a monetary damage component as part of the relief sought.

the party."); see also District of Massachusetts Local Rule

5.1 (a)(1) ("The provisions of the Federal Rules of Civil

Procedure pertaining to the form and signing of pleadings,

motions, and other papers shall be applicable to all papers

filed in any proceeding in this court.").  Because this

action is subject to dismissal for the reasons set forth

below, Cimini will not be directed to provide the Court with

a copy of the petition containing his original signature.

Second, Cimini's Complaint contains numerous rhetorical

questions and bald assertions, without detailing specific

factual allegations necessary to clearly state his cause or

causes of action, in violation of Fed. R. Civ. P. 8(a),

which requires that a plaintiff include in his complaint,

inter alia, "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  Although this failure poses difficulties,

the case shall not be dismissed on these grounds, in light

of the other bases for dismissal set forth below.

B.  Lack of Jurisdiction to grant Mandamus relief.

Cimini seeks a writ of mandamus to have his parental

rights acknowledged and restored by this Court.  To the

extent that this implicates a review of the Middlesex

8

Probate and Family Court and Massachusetts Supreme Judicial
Court decisions, and/or an order directing the state courts
to reverse the prior rulings and award Plaintiff custody,
this court lacks jurisdiction over such claim.

The common-law writ of mandamus, as codified in 28
U.S.C. §1361 provides that:

> [t]he district courts shall have original
> jurisdiction of any action in the nature of
> mandamus to compel an officer or employee of the
> United States or any agency thereof to perform a
> duty owed to the plaintiff.

28 U.S.C. §1361.

Here, no defendant is a federal officer, employee or
agency and, as such, is not subject to the statutory
mandamus authority of this Court.  Therefore, this Court
lacks jurisdiction to entertain Cimini's request for
mandamus relief under §1361.

Similarly, this Court lacks jurisdiction under 28
U.S.C. §1651, which provides authority to the Supreme Court
and all courts established by and Act of Congress to issue
"all writs necessary or appropriate in aid of their
respective jurisdictions and agreeable to the usages and
principles of law."  28 U.S.C. §1651.  Section 1651 is not
available in this case because a federal district court

cannot, by writ of mandamus, direct a state court or judicial officer to perform an official act. See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (federal court cannot control or interfere with state court litigation by way of mandamus).

In Offutt v. Kaplan, 884 F. Supp. 1179, 1183, 1187-88 (N.D. Ill. 1995), a case analogous to that presented here, a mother and daughter brought a federal action against the presiding judge in state custody proceedings, claiming he violated their due process and equal protection rights under the Constitution and 42 U.S.C. §1983 in connection with the award of physical custody to the father. Jurisdiction was invoked, in part, under §1651.

The Offutt Court dismissed the claims against the state court judge, finding that a federal district court has no jurisdiction to review state judicial proceedings. Id. at 1187, citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (other citations omitted). The Court further found mandamus was an inappropriate remedy because "a federal district court has no general mandamus jurisdiction to compel action by state court officials." Offutt, 884 F. Supp. at 1187-88 (citations omitted). The

Court further noted:

> There are three recognized standards
> which must be met for the Court to invoke
> its mandamus jurisdiction: (1) a clear
> right in the plaintiff to the relief
> sought; (2) a plainly defined and
> peremptory duty on the part of the
> defendant to do the act in question; and
> (3) no other adequate remedy available.

Id. at 1188.

Under these standards, the Court found that plaintiffs could not meet the second prong, since they did not have a clear right to have the federal court direct the state judge to award custody to the mother, or take other related actions in the custody case. Id. The Court also found that the state judge did not have a "plainly defined and peremptory duty to vacate his orders..." Id. See also Santoya v. Coleman, 2001 WL 877529, *1 (E.D. La. 2001)(finding writ of mandamus as inappropriate remedy and denying petition for court order for paternity status and child support for son; lack of jurisdiction over ongoing domestic relations disputes and abstention grounds cited as bases).  In light of the foregoing, Cimini's Complaint for mandamus relief must fail[5].

---

[5] The Court will not, *sua sponte*, construe these claims as a request for a preliminary injunction. See Fed. R. Civ. P.

C. <u>The Rooker-Feldman Doctrine</u>

Moreover, to the extent that Cimini seeks, by mandamus or otherwise[6], to have this Court review on the merits the state court decisions, it is well settled that this Court lacks subject-matter jurisdiction.  Lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the <u>Rooker-Feldman</u>[7] doctrine.  <u>See, e.g.</u>, <u>Hill v. Town of Conway</u>, 193 F.3d 33, 34 (1st Cir. 1999) (citing <u>Wang v. New Hampshire Bd. of Registration</u>, 55 F.3d 698, 703 (1st Cir. 1995)) (describing <u>Rooker-Feldman</u> doctrine)).  The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court.  <u>See</u>

_____

65.

[6] Cimini has not expressly asserted a §1983 civil rights action, however, even assuming, without deciding, that he has a constitutionally protected liberty or property interest in custody of his child, plaintiff's claims lie outside this Court's subject matter jurisdiction and are subject to dismissal based upon the <u>Rooker-Feldman</u> doctrine and the domestic relations exception to federal jurisdiction, as discussed in this Memorandum and Order.

[7] The <u>Rooker-Feldman</u> doctrine is a distillation of two Supreme Court decisions:  <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  <u>See</u> <u>Hill</u>, 193 F.3d at n. 1 (describing history of doctrine).

<u>Feldman</u>, 460 U.S. at 482-86; <u>Rooker</u>, 263 U.S. at 415-16.

The <u>Rooker-Feldman</u> doctrine precludes a federal action
if the relief requested in that action would effectively
reverse a state court decision or void its holding or if the
plaintiff's claims are "inextricably intertwined" with the
state court's decision. <u>See</u> <u>District of Columbia Court of
Appeals v. Feldman</u>, 460 U.S. 462, 286 (1983) ("Federal
district courts do not have jurisdiction over challenges to
state-court decisions in particular cases arising out of
judicial proceedings even if those challenges allege that
the state court's action was unconstitutional.") (internal
quotation omitted); <u>accord</u> <u>Johnson v. De Grandy</u>, 512 U.S.
997, 1005-1006 (1994) (<u>Rooker-Feldman</u> doctrine bars "a party
losing in state court ... from seeking what in substance
would be appellate review of the state judgment in a United
States District Court, based on the losing party's claim
that the state judgment itself violates the loser's federal
rights); <u>Mandel v. Town of Orleans</u>, 326 F.3d 267, (1st Cir.
2003) (<u>Rooker-Feldman</u> doctrine precludes a lower federal
court from entertaining a proceeding to reverse or modify a
state-court judgment or decree to which the assailant is a
party). Thus, to the extent that Cimini seeks a

determination that the state court decisions were incorrect or violative of his rights, his claims are subject to dismissal.  Hill, 193 F.3d 33 at 34.

To the extent that Cimini alleges the Massachusetts Supreme Judicial Court's decision was based on state statutes which are repugnant to the Constitution of the United States, Cimini may petition the United States Supreme Court, by writ of certiorari, pursuant to 28 U.S.C. §1257.

Title 28 U.S.C. §1257 provides that

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. §1257.  See, generally, Hill v. Town of Conway, 193 F.3d 33 (1st Cir. 1999); Associates in Obstetrics & Gynecology v. Upper Merion Township, 270 F. Supp.2d 633 (E.D. Pa. 2003); Terpening II v. Irving, 222 F. Supp. 2d

14

1135 (C.D. Ill. 2002).

   D. Habeas Corpus jurisdiction does not extend to child custody disputes

   Although Cimini does not expressly seek habeas relief from this Court with respect to his child, this is, in effect, part of the remedy he seeks.  To that extent, this action is subject to dismissal because it is settled law that federal habeas corpus jurisdiction does <u>not</u> extend to state court disputes over child custody.  The term "custody" as used in the habeas statutes does not refer to parental custody of a child or custody orders imposed by state courts.[8]  <u>Lehman v. Lycoming County Children's Servs.</u>, 458 U.S. 502, 514-516 (1982).  A federal habeas petition challenging a state court's child-custody determination impermissibly seeks to re-litigate the petitioner's interest in his parental rights, and federal courts have no

_____

   [8]Section 2241 of title 28 confers jurisdiction on district courts to issue writs of habeas corpus based on petitions from state or federal prisoners who are "<u>in custody</u> in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§2241(a), (c)(3) (emphasis added).  Section 2254 confers jurisdiction on district courts to issue writs "on behalf of a person <u>in custody</u> pursuant to the judgment of a State court. . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a) (emphasis added).

jurisdiction in habeas corpus to determine parents' right to custody of their minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution.  Lehman, 458 U.S. at 515-516; accord Hemon v. Office of Public Guardian, 878 F.2d 13, 14 (1st Cir. 1999) (stating that "it is settled law that federal habeas corpus jurisdiction does not extend to state court disputes over child custody.").  Thus, Cimini may not successfully seek habeas relief.  See Lambert v. Pasquotank County Dept. of Social Servs., 46 F.3d 1125, 1125 (4th Cir. 1995) (affirming dismissal of petition).

    E.   Absolute Judicial Immunity

Cimini's claims against defendant judicial officers Donnelly and Ireland are premised on his disagreement with their judicial decisions and alleged violations of due process.  Because judicial officers are entitled to judicial immunity for their actions taken with the scope of their jurisdiction, plaintiff's claims against both judges are subject to dismissal.  See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 554 (1967)

("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly); <u>Moore v. Brewster</u>, 96 F.3d 1240, 1244 (9th Cir. 1996) (even where a party alleges that a judge conspired with another party to rule against him, such allegations do not pierce the immunity extended to judges); <u>Allard v. Estes</u>, 292 Mass. 187, 189-190, 197 N.E. 884, 886 (1935) (stating that it is "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law.").

F.   <u>Eleventh Amendment Immunity</u>

Similarly, to the extent that Cimini asserts claims against the Commonwealth of Massachusetts and its courts, those entities are not subject to suit in this Court, under the Eleventh Amendment,[9] and therefore any claims in this

---

[9]The Eleventh Amendment to the United States Constitution provides that:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

regard are subject to dismissal.  <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1978) (per curiam) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit); <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14 (1985) (citing <u>Pugh</u>) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,. . . a State cannot be sued directly in its own name regardless of the relief sought."); <u>cf.</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of §1983); <u>Quern v. Jordan</u>, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting §1983); <u>Brown v. Newberger</u>, 291 F.3d 89, 92 (1st Cir. 2002) (there has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity).

G.  <u>The Domestic-Relations Exception</u>

To the extent that Cimini brings any state-law based claims in his Complaint, they are subject to dismissal pursuant to the domestic-relations exception.  Federal courts have traditionally declined to exercise jurisdiction over matters involving domestic relations such as divorce

and custody disputes even though diversity and the jurisdictional amounts are present for purposes of diversity jurisdiction.  <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 (1992) (describing doctrine); <u>accord</u> <u>Elk Grove Unified School Dist. v. Newdow</u>, 124 S. Ct. 2301, 2309 (2004) (citations omitted) (same).  The "domestic relations" exception governs claims over child custody, such as those made by Cimini, even where they are cloaked in the "trappings" of another type of claim.  <u>Mandel</u>, 326 F.3d at 271.

Here, the complaint is nothing more than a thinly-veiled attempt to seek relief from this Court concerning Cimini's child custody order, and thus Cimini's state-law based claims are subject to dismissal.  <u>See, e.g.</u>, <u>Congleton v. Holy Cross Child Placement Agency, Inc.</u>, 919 F.2d 1077, 1079 (5th Cir. 1990) (affirming dismissal; exception applies if hearing the claim necessitates involvement in domestic issues by requiring inquiry into the marital or parent-child relationship.   III. <u>The Application to Proceed *in forma pauperis* is defective.</u>

Cimini filed an Application to Proceed Without Prepayment of Fees, asserting he is without sufficient funds

to pay the filing fee in this action.  The Application is incomplete, and incorporates by reference what appears to be a copy of his Motion for Leave to Proceed *in forma pauperis*. However, his Application indicates that he is currently employed (in his motion he states he was unemployed from April 23, 2004 through December 6, 2004), and that he has some assets.  He does not indicate what his wages or salary is, nor does he indicate precisely what his assets are.

Accordingly, Cimini's Application is deemed to be incomplete, and he has failed to demonstrate sufficiently to this Court that he is without funds to pay the $150.00 filing fee.  His Application to Proceed Without Prepayment of Fees is therefore denied.  As further grounds for denial, this Court finds the Application is moot in view of the dismissal of this action for the reasons stated in this Memorandum and Order.

CONCLUSION

Based upon the foregoing, it is hereby ORDERED that the petition for writ of mandamus is DISMISSED in its entirety under 28 U.S.C. §§1915(e)(2), 1915A, for lack of subject matter jurisdiction.

SO ORDERED.

20

Dated at Boston, Massachusetts, this 11th day of JANUARY, 2005.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE